Curia, per

Evans, J.
The prisoners’s counsel have abandoned their ground for arrest of judgment, as set down in their notice ; but they contend that their motion should be granted as to Abram Rabón, the elder, and Duke Rabón, because the in *263 dictment is defective in this: that it charges the said Abram, the elder, and Duke, that they “ feloniously, were present, aiding, abetting and assisting the said Abram Rabón, the younger, the felony aforesaid, to do and commit,” whereas they should have been charged as feloniously, wilfully, and of their malice aforethought, present, aiding, abetting and assisting, &c.
The indictment alleges that the assault was made and the mortal wound was given by Abram Rabón, the younger, felo-niously, wilfully, and of his malice aforethought. It then charges the others as feloniously present,- aiding, abetting and assisting in the commission of the felony aforesaid, and concludes, “ and so the jurors aforesaid,” “ do say that the said Abram Rabón, the younger, Abram Rabón, the elder, and Duke Rabón, the said Willis Rabón, in manner and form aforesaid, feloniously, wil-fully, and of their malice aforethought, did kill and murder.” The mode of charging the offence in this case, both as to the principal and the abettors, and the conclusion as to all, is in exact conformity with the precedent and the direction given in Archbold’s Criminal Pleadings, Book 2, part 4, page 394. But it is very clear that Chitty and all the other writers on criminal pleadings, as far as I have consulted them, charge the aiders and abettors in the form contended for by the prisoner’s counsel, that is, that they “ were feloniously, wilfully, and of their malice aforethought, present, aiding and abetting.” There is no doubt that the forms given in Books of Pleading, afford very strong evidence of legal principles. They are such as have been long used and approved in practice, and have stood the test of legal criticism. Where they are all one way, I would hesitate long before I would sanction any departure from them. But in this ease they are different, and we must deeide between them by reference to the principles which must govern in framing indictments. On this part of the case I would observe that Arch-bold’s is, I believe, the latest work on the subject. It has been used and approved for thirty years. Some of my brethren know that persons have been tried in this State on indictments framed on the model used in this case. The same, it is fair to presume, *264 has been, done in England, and, so far as we know, this, mode of stating the offence has never been brought into question before.
Where two or more, acting with a common intent, are present at the commission of a felony, it matters not by whose immediate agency the crime is consummated ; — all are equally guilty. The act is the act of all and the act of each. They are all principals, and although the law distinguishes them into principals of the first and second decree, yet this is only descriptive of the part which each performed in the commission of the crime, and points to no difference in the guilt which the law imputes to them all. So identical are they regarded, that it is said both by Hale and Foster, that where the. statute takes away Clergy from a common law felony by name, as in murder, rape, &c., those present aiding and abetting are impliedly ousted of Clergy, (1 Hale, 537; Foster, 357.)
It was admitted in the argument, that all the defendants, might have been charged as principals in the first degree, and in- Arch. C. P. 396, on the authority of Machalley’s case, 9 Co. 67, c.; 1- Hale, 438, it is said “ that the pleader may charge the principal in the second degree as a principal in the' first degree, (for proof .that he was present, aiding and abetting, will, in such case, maintain an indictment charging him with having actually committed the offence) or at his option, with being present, aiding and abetting.” The better mode, however, is to describe the part which each had in the crime, according to the truth of the facts, as is the usual practice, and as has been done in this case. When this mode of pleading is adopted, the indictment consists of three parts. 1st, That Abram Rabón, the younger, feloniously, wilfully, and of his malice aforethought, gave the mortal wound. 2d, That the other prisoners were feloniously present, aiding, abetting and assisting in the commission of the murder. 3d, The conclusion which the law draws from the facts stated, that all of them are guilty of the murder. The question to be decided is, whether this conclusion is the legal consequence of the facts stated in the narrative part of the indictment. The objec *265 tion is, that manslaughter, as well as murder, is felonious, and that as the indictment does not charge that they were aiding and abetting with malice aforethought, the charge as to the abettors amounts only to the crime of manslaughter. But it has already been stated, that all who are present, acting with a common intent, are guilty of the same crime, and that it is immaterial whether they are all charged in the pleading as principals in the first degree, or one as principal in the first, and the others as principals in the second degree, which is the same as aiders or abettors; When, therefore, Abram, .the elder, and Duke, áre charged as feloniously present, aiding and abetting in the commission of the felony, it imputes to them the same motive as that imputed to him who gave the mortal blow, that is, m the language of the conclusion, that all the prisoners, the said Willis Rabón, in manner and form aforesaid, feloniously, wilfully, and of their malice aforethought, did kill and murder. We think there is nothing in this objection which can avail any of the prisoners, and that, the motion in arrest of judgment must be dismissed.
I come now to the consideration of the grounds for a new, trial. They relate to the admissibility of Graham’s declarations, and the insufficiency of the evidence to convict the prisoners, and especially the prisoner, Duke Rabón. The facts connected with the first of these grounds are these : in defence of the prisoner one George O. Rabón was examined ; he said, and no. objection was made, that “ Graham always told him he saw the murderand as this was said on the cross-examination, the counsel for the prisoners claimed the right, in the reply, to bring out everything which Graham said as to the part which any or all of them acted in the murder. This was very properly ruled out. The rule of law is very clear, that hearsay, in such case as this, is not evidence ; but if the counsel for the State had by; direct examination brought out Graham’s declarations against the prisoners, they, on their part, had a right to have everything which was said by him in their favor also stated. But this rule does not apply heie, as the statement of Graham “ that he had *266 seen the murder” was wholly immaterial to the guilt or innocence of the prisoners. No inference for or against them could be drawn from that fact, and, therefore, .the proof of what Graham said as to himself, did not entitle them to have the benefit of what he said as to them. As to the evidence of their guilt, there is no doubt as to the threats made on the previous day by Abram, the younger, and Abram, the elder. There is no doubt that the mortal blow was given by the younger, and that the elder was present, aiding, abetting and assisting, and there is nothing in the evidence as to them which creates a reasonable doubt of their guilt. The homicide was but the carrying into effect the threats of the day before. If it were equally clear that the other prisoner, Duke Rabón, was present, I see no reason for exempting him from the fate of his father and brother. His defence rests- on the allegation that he was not present. It is true, George H. Rabón says very confidently that he was; and the jury must have believed him, as is apparent from their verdict. But other witnesses say he was not, and it may be that in this particular he was mistaken. Amid the excitement of such a bloody transaction, George may have taken another for Duke, or he may be mistaken in the fact that another was assisting the elder Abram in the fight. Without affirming any of these suppositions to be true, or expressing any opinion as to his innocence, a majority of the Court have come to the conclusion that Duke’s case ought to be submitted to another jury.
The conclusion of this Court therefore is, that the motion to arrest the judgment be refused ; that the motion for ¡a new trial be refused as to Abram Rabón, the younger, and Abram Rabón, the elder, but that it should be granted as to Duke Rabón; and it is so ordered.
O’Neall, Wardlaw and Whitner, JJ., concurred.
Frost and W ithers, J J. We concur with the decision in this case, except in so far as it orders a new trial for Duke Rabón.

Motions refused as to Abram Rabón, the elder, and Abram Rabón, the younger ; and new trial ordered as to Dulce Rabón.